**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-00528-001-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Charles Anthony Arrington, | |
| Defendant. | |

The Court is in receipt of Defendant's letter, which the Court construes as a Motion to Terminate his Supervised Release[1] (Doc. 50). The Government has filed a Response in opposition. (Doc. 51). The Court has also received a Memorandum, dated December 12, 2021, from the U.S. Probation Office responding to the Defendant's Motion. For the reasons stated herein, the Court denies the Defendant's Motion.

**I.    Background**

On May 3, 2016 a federal grand jury charged Defendant Arrington with being a Felon in Possession of Firearms. (Doc. 7). The allegations involved his sale of various pistols, rifles and ammunition, to undercover law enforcement officers for $3,000. On November 30, 2016, the Defendant entered a guilty plea to Count One of the Indictment charging him with being a Felon in Possession of a Firearm (18 U.S.C.§§ 922(g) and 924(a)(2)). In entering his guilty plea, he admitted that he possessed a Glock 27, .40 caliber pistol that had been shipped or transported in foreign commerce. (Doc. 46). He also

---

[1] The Defendant is serving a supervised release term following his release from custody as opposed to a term of probation in lieu of custody.

admitted having been previously convicted of False Statement in Connection with the Acquisition of a Firearm for which he received a term of custody of over one-year. (*Id*. at 6). The Court sentenced Defendant Arrington to sixty-months in federal custody followed by a three-year term of supervised release. (Doc. 47). He was also ordered to pay a $100 Special Assessment fee. At time of sentencing and now, the Court notes that the Defendant's sentencing guideline was 120 months, however, his plea agreement provided that his sentence shall not exceed 87 months in custody. (Doc. 42).

The Defendant was released from the Federal Bureau of Prisons on August 27, 2020. His three-year supervised release term began on August 27, 2020 and, barring any violation, is set to terminate on August 26, 2023. Thus, he has served approximately one-year and four months of his supervised release term. He now asks the Court to end his supervised release term early because he is unable to perform his job effectively, he is unable to support others in need in the community, and he is unable to spend valuable time with loved ones . (Doc. 50 at 1-2).

The Government opposes this request, essentially due to his lengthy criminal history and repeated contacts with law enforcement. (Doc. 51 at 3). It notes that he has been convicted of nine felonies and seven misdemeanors, and that his supervision has been revoked following five of his felony convictions. (*Id*.). The U.S. Probation Office also opposes his request.

**II.     Law and Analysis**

Title 18 U.S.C. § 3583(e)(1) gives a district court discretion in determining whether or not to grant a motion to terminate supervised release. *See United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). In so doing, a court must consult the sentencing factors in 18 U.S.C. § 3553(a). *Id*. Courts must also "be satisfied that such action is warranted by the conduct of the defendant released and the interests of justice." 18 U.S.C. § 3583(e)(1).

Defendant Arrington puts forth a variety of reasons for this Court to end his supervised release early. As Defendant Arrington points out, his assigned Probation Officer was able to provide details of his conduct while on supervised release. (Doc. 50 at 1). To his credit, it is reported that he has maintained employment throughout his supervised

release as a "private and independent commercial inspector of banks." (*Id.*) However, according to his Probation Officer, Arrington has been employed inspecting properties and writing reports for clients (not, "inspecting bank records" as Defendant states). Thus, the Defendant has not made clear to the Court how his supervised release status poses a difficulty with his current employer or employment.

The Defendant also states maintaining a secure residence, and that he is unable to visit his wife and mother-in-law who are out-of-state due to being on supervised release. Yet, the Court is unaware of any request by the Defendant to travel for this purpose.[2] Thus, his supervised release status in not necessarily a prohibition on visiting with family members. He also states that he has joined a prison ministry outreach group, on-line, wherein he aids children of incarcerated parents. The Defendant is to be credited for these efforts and the Court is encouraged by them. Here, again, he does not provide sufficient information to explain how his supervised release status interferes with his community service.

It was also noted that while he has secured and maintained his own residence, he was found to have been frequently associating with a female who also has a felony record, a potential violation of his supervised release conditions. Yet, a critical and concerning note is that recently, in December, he submitted a random urinalysis that tested positive for cannabinoids. At time of sentencing, the Court notes that it was reported that he was using marijuana daily. Thus, the Court imposed a sentence that took into account his need for substance abuse treatment and testing.

While Defendant Arrington has made progress on supervised release, it appears that he is also at risk of substance use relapse, and of being drawn back into the non-law abiding lifestyle that he has had such difficulty avoiding. Moreover, on this record, and for the reasons sought, the Court does not have sufficient information to enable it to determine that terminating his remaining supervised release term is in the interest of justice.

---

[2] Should a request to travel made through his supervising officer, the Court would have to consider his progress and compliance with his current supervised release terms before grant such request.

Accordingly, at this time, the Court will deny his request for early termination of his supervised release term without prejudice.

**IT IS ORDERED** denying the Defendant's Motion to Terminate Supervised Release (Doc. 50).

Dated this 11th day of January, 2022.

Honorable Diane J. Humetewa
United States District Judge